## ASA BITHER *versus* DAVID S. BUSWELL.

The statute requires that a mortgage of personal property exceeding a specified value shall be recorded in the records of the town in which the mortgager resides; if a case discloses nothing as to the residence of the mortgager, the validity of the mortgage, though recorded, is not established.

ON STATEMENT OF FACTS.

*Sanborn*, for the plaintiff.

*Everett*, for the defendant.

The facts sufficiently appear from the opinion of the Court, which was drawn up by

DICKERSON, J. — Replevin of a horse. Both parties claim under one Henry Priest, the plaintiff by mortgage, and the defendant by purchase subsequent to the mortgage. The horse is valued at $65 in the mortgage. The mortgage is dated at Lincoln, and recorded on the records of Medway Plantation. The statement of facts does not disclose the residence of Priest, the mortgager. The R. S., c. 91, § 1, require such mortgage to be recorded in the town where the

mortgager resides. The burden of proof is on the plaintiff to establish this fact. He has not done it.

By agreement of parties this Court is authorized to draw such inferences as a Jury might, but it can draw only *such* inferences, and a jury would not be authorized to supply this deficiency in the plaintiff's case by inference, since there is no fact in the case from which the inference can legitimately be drawn that the plaintiff has complied with the requirement of the statute. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, DAVIS and BARROWS, JJ., concurred.