WILLIS A. CARR, Town Treasurer, *v.* CHARLES CAPWELL, Collector of Taxes, *et al.*

FEBRUARY 25, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Taxation.  Time of Assessment.  Rendering Account.*

Tax assessors gave notice to bring in accounts on September 8, 1903. The time fixed for the assessment by the vote of the town meeting was September 9, 1903:—

*Held,* that the assessment of the tax on September 9, 1903, was invalid. Following *Matteson* v. *Water Co.,* 28 R. I. 570.

(2)  *Number of Assessors.  Majority.*

Gen. Laws, 1896, cap. 39, § 1, provides that the number of assessors of taxes in towns shall be "not less than three nor more than seven."

Three persons were duly elected assessors of taxes of a town, and two qualified and passed a vote relative to assessing the tax on the day fixed by the town

meeting, and also fixed a time for receiving the accounts of ratable estates. The third member did not qualify until the latter date:—

*Held*, that the action of the two members was a nullity.

*Held*, further, that the case was not covered by Gen. Laws, 1896, cap. 26, § 4, "all words purporting to give a joint authority to three or more officers or persons shall be so construed as to give such authority to a majority of them," since there never was a legally constituted board.

(3) *Poll Taxes.*

Gen. Laws, 1896, cap. 47, § 1, relative to poll taxes, provides for the assessment "of one dollar or so much thereof as with his other taxes shall amount to one dollar . . . against every person who if registered would be qualified to vote."—

*Held*, that the legal ascertainment of the persons qualified to vote by virtue of paying a tax upon real or personal estate is a fact which must precede the legal ascertainment of those liable to be assessed a poll tax, and where the notice given by assessors prior to the assessment of the property tax was invalid, the poll taxes could not be legally assessed.

(4) *Collectors of Taxes. Suit on Bond.*

Where poll taxes were not legally assessed, and the tax collector has fully accounted for all such taxes as were collected by him, there was no breach of his bond in the non-payment of the balance of the poll taxes.

DEBT. Heard on exceptions of plaintiff, and overruled.

BLODGETT, J. This action of debt is brought by the plaintiff as town treasurer of the town of West Greenwich upon the bond of the defendant Capwell as collector of taxes of said town for the year 1903, and his sureties, and was tried to the court without a jury, and resulted in a decision for the defendants. The case is here upon the plaintiff's exceptions to certain rulings of the trial justice.

(1) Upon the issue raised by the pleadings as to the sufficiency of the notice given before the alleged assessment, the trial justice found as follows: "That said assessors, prior to making said assessment, gave notice to all persons and bodies corporate liable to taxation to bring in a true and exact account of all their ratable estate on September 8, 1903, from 10 A. M. to 2 P. M.; that the time fixed for the assessment by the vote of the town meeting was the second Wednesday of September at 10 o'clock, said second Wednesday being the 9th day of September, 1903, and that in giving such notice said assessors did not, prior to making said assessment, give notice according to

law. *Matteson* v. *W. & C. Water Co.*, 28 R. I. 570. · I am of the opinion, therefore, that the assessment of the tax on the 9th day of September, 1903, so far as the tax on ratable property or estate is concerned, was not legally made and was invalid."

This ruling was unquestionably correct in point of fact and upon the law.

(2) There is apparent on the record a further fatal defect in the matter of the notice in question, both as to the amount of property taxes and the amount of poll taxes. Gen. Laws, 1896, cap. 39, § 1, provides that the number of assessors of taxes in towns shall be "not less than three nor more than seven." The assessment record shows that on June 1, 1903, Welcome T. Burdick, Frank E. Rathbun, and Leon D. Andrews were duly elected assessors of taxes, and that on August 15, 1903, Burdick and Rathbun duly qualified and proceeded to pass the following votes:

"Voted; That we will assess the tax on the second Wednesday in September, September 9th, 1903, next at ten o'clock in the forenoon, that being the time which was prescribed by said town for assessing the tax voted by the town on the first day of June last. And that Hopkins Hall, Noose Neck in said town be the place to meet for said assessment.

"Voted; That we will meet at said Hopkins Hall on Tuesday, September 8th, 1903, at ten o'clock, A. M., and there remain in session until two o'clock P. M. of the same day for the purpose of receiving from every person and body corporate liable to taxation, a true and exact account of all his ratable estate describing and specifying the value of every parcel of his real and personal estate."

It also appears upon the record that Andrews was not then qualified, by taking the oath of office required by law, nor did he so qualify until September 8, 1903.

It follows that the two members of the board who attempted to adopt the votes aforesaid, fixing the time for assessing the tax and prescribing the time of making a return, exceeded their jurisdiction, and that their action was a nullity, since the power to do this is vested by law in a board having at least three

members. The requirement of the law in this respect is thus set forth in 1 Cooley on Taxation, p. 441, viz.: "The rules of law on this subject are well settled. The law contemplates that all the members of the board, who are to exercise a joint public authority, shall meet to consider the subject of their authority, and that the whole board shall have the benefit of the judgment and advice of each of the members. In revenue cases, especially, and in others in which the official action may eventuate in divesting the citizen of his estate, it is to be supposed the law intended that this joint deliberation and action should be for the benefit of the citizen also. If, therefore, no such meeting is held, and no opportunity had for joint consultation and action, the joint authority is not well executed, even though all acting separately may have signed such a document as would have been sufficient were it the result of a proper meeting. Such action is not the action of the board, but of individuals. It is always presumable that it might have been different had there been a meeting and comparison of views, such as the law contemplated. At any rate there can be no conclusive or satisfactory evidence of what would have been the joint judgment, when it has never been exercised; and the members of the board have no discretion to substitute individual action when the law has required the action of the organized body. No custom of the locality, or long continued practice, can sanction a dispensation of this rule of law."

A similar question arose as to the power of two assessors to act when the third does not qualify in *Inhabitants of Williamsburg* v. *Lord*, 51 Me. 601, where the court said: "The town for that year had only two assessors,—one less than the law required. The two who professed to act were not the majority of *the* three, because there never were three chosen and qualified."

The case at bar is not covered by the provisions of § 4, cap. 26, Gen. Laws, 1896, which is as follows: "All words purporting to give a joint authority to three or more officers or persons shall be so construed as to give such authority to a majority of them." This provision would doubtless have au-

thorized a legally constituted board to act in this respect by a majority of their number.

(3)     Upon the question of the validity of the poll taxes alleged to have been assessed in the town in 1903, the trial justice rightly held as follows: "The time of the annual assessment mentioned in Section 1, Chapter 47, of the General Laws, as the same relates to the assessment of taxes of said town for 1903, was September 9, 1903, and said poll tax appears to have been assessed on that date, and in that particular to have been legally assessed. But said Section 1 provides for the assessment 'of one dollar, or so much thereof as with his other taxes shall amount to one dollar' 'against every person in said town or city who, if registered, would be qualified to vote.' But how can the assessors assess the poll taxes until they have ascertained what persons are to pay a property tax, and until it is determined whether such tax exceeds one dollar? In other words, the poll-tax payers are ascertained by a process of elimination, and they are, as it were, a residuum of those potentially qualified to vote, but who failed to be assessed a property tax of one dollar. The legal ascertainment of the persons qualified to vote in a given town by virtue of paying a tax upon real or personal estate, is a fact which must precede the legal ascertainment of those in the same town liable to be assessed a poll tax. And as no property tax can be assessed against a person without a prior legal notice, it follows that no poll tax can be legally assessed without such notice. It already having been shown that the notice given by the assessors prior to the assessment of the property tax in the present case was not according to law, I find that the poll taxes of West Greenwich

(4) for 1903 were not legally assessed. The entire poll tax for that year was $44. Of this the tax collector collected and paid over to the town treasurer $36, leaving a balance of $8 as uncollected and not paid over.

"Inasmuch as the poll taxes for 1903 were not legally assessed, and inasmuch as said tax collector has fully accounted for all such taxes collected by him, I do not find that there has been any breach of his bond in the non-payment of the balance of said poll taxes, as is alleged in the seventh paragraph of the

declaration. The penalty of the bond is therefore not forfeited, and the defendant is entitled to judgment for his costs."

It is not disputed that the defendant has paid over all the taxes which he has collected, whether property taxes or poll taxes, and the order accordingly must be

Exceptions overruled, and case remitted to the Superior Court with direction to enter judgment for the defendants.

*Samuel W. K. Allen*, for plaintiff.

*Quinn & Kernan*, for defendant.